UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| PRIME HOOKAH, INC., : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> DISCOUNT SMOKING PRODUCTS, : <br> INC., et al., : <br> : <br> Defendants. : | **Civil Action No. 18-15600 (SRC)** <br><br> **OPINION** |

**CHESLER**, District Judge

This matter comes before the Court upon the motion filed by Defendants Discount Smoking Products, Inc., Beamer Company, and Randy Salem (collectively, "Defendants") to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff Prime Hookah, Inc. ("Plaintiff" or "Prime Hookah") has opposed the motion to dismiss and cross-moved for leave to file an Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a). In their reply, Defendants raised the issue of the Court's subject matter jurisdiction, arguing that Plaintiff had failed to present a case or controversy when it filed this action. The Court has considered the papers filed by the parties, including Plaintiff's sur-reply. For the reasons that follow, the Court finds that it lacks subject matter jurisdiction over this action. Accordingly, it will grant Defendant's motion pursuant to Federal Rule of Civil Procedure 12(b)(1) and will not reach the cross-motion for leave to amend the Complaint.

**I.   BACKGROUND**

This is a trademark infringement action filed by Plaintiff Prime Hookah, identified as a New Jersey corporation headquartered in South Amboy, New Jersey. The Complaint alleges that Defendant Discount Smoking is a Michigan corporation, which is now known as Beamer Company, and that Defendant Randy Salem is the president and director of the company. According to the Complaint, Prime Hookah filed this action to enforce its trademark rights concerning three design marks, each of which are registered with the United States Patent and Trademark Office ("USPTO"). The subject marks identified by the Complaint are as follows:

| Serial No. | Mark |
| --- | --- |
| 87,141,874 | Zebra Smoke |
| 87,118,617 | Zebra Smoke SPACEHOOKAH |
| 87,036,542 | Zebra Smoke JOker |

The Complaint asserts that Prime Hookah "has many brands and trademarks" including the above-listed "Zebra Smoke" marks. (Compl., ¶ 2.) Prime Hookah alleges that since 2016, it has advertised, offered for sale and sold in the United States hookah-related charcoal products bearing the Zebra Smoke marks. It further alleges that Defendants have, without Prime Hookah's authorization, advertised, offered for sale, distributed and sold hookah-related charcoal products bearing the Zebra Smoke marks. Plaintiff claims that Defendants have advertised and sold the goods through their own website and through Amazon.com. Plaintiff points to two particular instances in which it allegedly purchased an infringing product sold by Defendants on Amazon, once on March 27, 2017 and once on August 5, 2018. Based on these instances, the Complaint states that "it is believed that Defendants made numerous sales, and profits using the Plaintiff's name, image and logo." (Compl., ¶ 23.)

Prime Hookah initiated this action in the United States District Court, District of New Jersey on November 2, 2018. The Complaint sets forth various claims for relief under the Lanham Act: trademark counterfeiting; trademark infringement; false designation of origin; trademark dilution; and importation of goods bearing infringing marks. It also pleads for relief under the New Jersey common law claims of trademark infringement and unfair competition.

The proposed Amended Complaint submitted by Plaintiff with its cross-motion asserts the same federal and state claims relating to the alleged trademark violations and adds a claim for unfair competition under the Lanham Act. However, there are several key differences in the amended pleading. First, Plaintiff limits his claims to only one mark: the "Zebra Smoke" design

3

mark with serial number 87,141,874 (hereinafter the "874 Zebra Smoke mark").[1] Second, the proposed Amended Complaint alleges that Plaintiff Prime Hookah is in fact the owner of the 874 Zebra Smoke mark. It avers that the 874 Zebra Smoke mark, registered with the USPTO on August 17, 2016 for hookah charcoal and accessories, "was at all relevant times . . . owned by Danni Jajati, [who] subsequently transferred his interest to Prime Hookah Inc." (Proposed Am. Compl., Opp. Ex. A at ¶ 14.)[2] Third, regarding the alleged acts of infringement, sale of counterfeit goods and other violations, the Amended Complaint continues to rely on the two purchases made by Plaintiff of allegedly infringing products sold by Defendants (March 2017 and August 2018).

## II. DISCUSSION

In their initial moving papers, Defendants seek dismissal of the entire Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. However, in their reply brief, Defendants argue for the first time that the case must be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction due to the Plaintiff's lack of standing. Plaintiff thereafter submitted a sur-reply, which Defendants have asked the Court not to consider on the basis that Plaintiff filed it without seeking the Court's permission. While the Court recognizes that it was improper for Plaintiff to submit a sur-reply without leave

---

[1] Prime Hookah concedes that it has no ownership interest in the other two design marks identified in the Complaint. It acknowledges that USPTO records show that Prime Hookah does not own the "Zebra Smoke Space Hookah" mark with serial number 87,118,617 and does not dispute Defendants' assertion that it expressly abandoned the "Zebra Smoke Joker" mark with serial number 87,036,542 on March 1, 2017.
[2] Jajati is identified in Plaintiff's opposition papers, as well as in the proposed Amended Complaint, as the owner of Prime Hookah.

4

of Court, it must also note that Defendants raised new grounds for dismissal in their reply brief. Indeed, their new argument invokes constitutional standing principles and puts at issue the authority of this Court to proceed with the instant action. Thus, the interests of justice warrant consideration of Plaintiff's sur-reply.

Defendants argue that this case must be dismissed for lack of standing because Prime Hookah did not own the Zebra Smoke mark at the time this lawsuit was filed. Defendants maintain that, in light of the fact that Prime Hookah did not own the intellectual property at issue when it initiated this trademark action, Prime Hookah had suffered no injury-in-fact and thus did not present a justiciable "case or controversy" as required by Article III of the Constitution. This argument implicates the Court's subject matter jurisdiction over the case.

Article III of the Constitution limits the power of federal courts to "Cases" or "Controversies." Lujan v. Defenders of Wildlife, 504 U.S. 555, 559-60 (1992). A plaintiff's standing to bring suit is a "core component" of the case-or-controversy requirement. Id. at 560. Because standing goes to the Court's authority to entertain a suit, it must be determined as of the time the suit is filed. Id. at 561, 570 n.5. The burden is on a plaintiff seeking redress in federal court to establish it has standing to sue. Id. at 561.

It is axiomatic that standing requires that the plaintiff "have suffered an 'injury in fact' – an invasion of a legally protected interest which is . . . concrete and particularized." Id. at 560. In addition, the injury must be "fairly traceable to the challenged action" and "redressable by a favorable ruling." Id. at 560-61 (citing Simon v. Eastern Ky. Welfare Rights Org., 426 U.S. 26, 41-43 (1976)). The Supreme Court has explained that by "particularized," it means an injury that "affect[s] the plaintiff in a personal and individual way." Id. at 560 n.1. At the pleading stage of a

5

lawsuit, meeting the burden of establishing standing requires the plaintiff to "allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." Allen v. Wright, 468 U.S. 737, 751 (1984); see also Lujan, 504 U.S. at 561 (holding that standing must be established by plaintiff in the same manner required to sustain any other burden at the particular stage of litigation in which standing is challenged). With regard to establishing a plaintiff's constitutional standing, the Supreme Court has "consistently stressed that a plaintiff's complaint must establish that he has a 'personal stake' in the alleged dispute, and that the alleged injury suffered is particularized as to him." Raines v. Byrd, 521 U.S. 811, 819 (1997).

Although the standing inquiry does not depend on the merits of a plaintiff's claim, a plaintiff's standing to bring suit "often turns on the nature and source of the claim asserted." Warth v. Seldin, 422 U.S. 490, 500 (1975); see also Raines, 521 U.S. at 818 (holding same). To have standing in an action for violation of trademark rights, a party must own the subject mark at the time the lawsuit is filed. Gaia Techs., Inc. v. Reconversion Techs., Inc., 93 F.3d 774, 777-78, amended on other grounds, 104 F.3d 1296 (Fed. Cir. 1996). In other words, if a plaintiff does not own the mark, the plaintiff cannot plausibly allege that it has suffered "an invasion of a legally protected interest" and thus cannot establish injury-in-fact at the time of filing. Id.; see also Allen, 468 U.S. at 751 (holding that "standing doctrine embraces several judicially self-imposed limits on the exercise of federal jurisdiction, such as the general prohibition on a litigant's raising another person's legal rights . . ..").

Plaintiff concedes in his opposition and cross-motion that at the time the lawsuit was filed, the 874 Zebra Smoke mark was not owned by Prime Hookah but rather by Jajati. Plaintiff

6

argues that Prime Hookah nevertheless has standing for two reasons: one, as the company through which Jajati did business, Prime Hookah itself sold the Zebra Smoke line of products and thus has directly suffered from the Defendants' alleged infringement; and two, Prime Hookah has acquired all of Jajati's rights and interests in the 874 Zebra Smoke mark by assignment executed on February 19, 2019. Neither of these arguments is availing. Prime Hookah was admittedly not the owner of the 874 Zebra Smoke mark when this lawsuit was filed on November 7, 2018. In spite of Plaintiff's assertion of harm, Prime Hookah had no legally protected interest in the mark, and thus no injury-in-fact, when it filed suit. Moreover, Prime Hookah's later acquisition of rights by assignment cannot cure this deficiency. An assignment of trademark rights executed after commencement of a trademark suit does not retroactively confer standing on the assignee. Gaia Techs., 93 F.3d at 779-80.

Prime Hookah has failed to establish that it had a legally protected interest at the time this suit was filed. Its lack of standing cannot be cured by asserting that it now holds the rights to the 874 Zebra Smoke mark. The Complaint's failure to present a justiciable case or controversy deprives the Court of subject matter jurisdiction. Allen, 468 U.S. at 750.[3] The Court must, accordingly, dismiss this action.

---

[3] The Court does not have the authority, therefore, to evaluate the sufficiency of the claims asserted, in either the Complaint or proposed Amended Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). Nevertheless, because it is possible that Prime Hookah may file another suit relating to infringement and other misuse of the Zebra Smoke mark, the Court notes that, to meet the governing pleading standard, Plaintiff's claims must be based on factual allegations which, taken as true, demonstrate that the mark was actually used by Defendants in an unlawful manner. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (holding that, to survive a Rule 12(b)(6) motion to dismiss, a claim requires the pleading of "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a plausible claim. Id.

### III. CONCLUSION

For the foregoing reasons, the Court will grant Defendants' motion to dismiss the Complaint. The action will be dismissed, pursuant to Federal Rule of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction.

An appropriate Order will be filed.

                                                  s/ Stanley R. Chesler
                                                  STANLEY R. CHESLER
                                                  United States District Judge

Dated: April 17, 2019